## County of Cass v. Chicago, Peoria & St. Louis Railway Company.

1. RAILROAD CROSSING—*what not part of.* Held, that a bridge was not a part of the railroad crossing in question in this case, or a portion of the approach thereto, and that the railroad company was not obligated to maintain the same.

· Action in debt. Appeal from the Circuit Court of Cass county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906. Rehearing denied January 8, 1907.

A. A. LEEPER and C. A. GRIDLEY, for appellant.

R. W. MILLS, for appellee; P. B. WARREN, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in debt, by appellant against appellee, for the recovery of the sum of $988, the cost of erecting a steel bridge across Hash Creek in the county of Cass, and the necessary grading and filling incident thereto. A trial by jury resulted in a verdict and judgment for the defendant. The plaintiff prosecutes an appeal from said judgment.

The material averments of the amended declaration, briefly stated, are as follows: It alleges that the defendant, on August 16, 1904, operated and owned a certain railroad which passed through the county of Cass; that its right of way and public tracks passed

over and across a certain public highway in said county; that it was the duty of the defendant to build and maintain a good and sufficient crossing and approaches thereto within the limits of its right of way, over and across the railroad tracks where the said highway crossed the same, so as to make the same safe for persons and property. It is further alleged that on the day aforesaid the approaches on the east side of the defendant's railroad track where the said track crossed said highway, were so impaired as to render said crossing unsafe to persons and property; that on August 16, 1904, the plaintiff caused a notice in writing to be served upon the agent of the defendant at Chanderville, the nearest station of the defendant to said crossing, notifying the defendant to build or repair said approach to said crossing, within the limits of its right of way, so as to enable the public to pass over said railroad on said public highway, according to the provisions of the statute in such case made and provided. It is then alleged that the defendant, notwithstanding said notice, neglected and refused to build or repair said approach, and that thereupon the plaintiff built said approach within the limits of the defendant's right of way, by reason whereof it expended the sum of $1,200 and by force of the statute has the right to recover the same from the defendant, etc. The defendant filed the general issue and two special pleas, to which latter the court sustained demurrers. Appellant's alleged right of recovery is predicated upon sections 8, 9, 10 and 11 of the statute relative to fencing and operating railroads. Rev. Stat. 1905, p. 1578.

Section 8 of said act, provides that, "Hereafter, at all of the railroad crossings of highways and streets in this state, the several railroad corporations in this state shall construct and maintain said crossings, and the approaches thereto, within their respective rights of way, so that they shall be safe as to persons and property."

There is no material controversy as to the facts involved, which are substantially as follows: Appellee's right of way, which is 100 feet in width, runs in a northeasterly direction through section 1 of township 18, in the county of Cass. A short distance south of Chanderville the railroad track crosses a public highway. A stream known as Hash Creek, about sixty feet in width, runs close to and parallel with the railroad track at the point where the highway crosses both the track and the stream. The west bank of the creek is within a short distance of the ends of the ties upon which the track is laid. In August, 1904, and for a number of years prior thereto, the stream was crossed by a wooden brace bridge built upon the line of the highway east of the railroad track.

At the west end of the bridge was a wooden apron which extended from the bridge to within a short distance of the ends of the ties of the railroad. The evidence shows that the space between the apron and the ends of the ties was in good condition, as was the crossing itself.

The decisive question presented by this record is whether a railroad company is required by the statute to build and maintain a bridge over a stream crossed by a public highway, merely because a part of such bridge is within the space which would be included if the lines of the right of way through adjoining private property were projected across the highway. In other words, was the bridge here in question either a part of the crossing within the right of way of appellee, or an approach to such crossing within the meaning of the statute? We are of the opinion that the question must be answered in the negative. A bridge over the stream at the point in question was manifestly essential to the use of the highway for travel. It was not rendered necessary by the construction of the railroad. If the railroad was removed, a bridge would still be necessary in order

that the public might use the highway. The proof shows that such a bridge had existed long prior to the building of the railroad. "A railroad company owes the duty of restoring existing streets or highways which the railroad crosses, to their former condition, or in a sufficient manner as near as may be, so not to materially impair their usefulness. It is a continuous duty inseparable from the enjoyment of the structure to keep that crossing in repair. When the railroad company has complied with that duty its obligation ceases unless there be a change of condition. It owes no duty of building or keeping in repair a road or bridge on its right of way unless such bridge is rendered necessary by the construction of the railroad." O. & M. Ry. Co. v. Town, 43 App. 89.

" 'Railroad crossing' means that portion comprising the track or roadbed; the 'approaches thereto,' that 'portion extending from the track, on each side thereof, back so far as may be necessary so that at all times the crossing shall be safe.' The words do not necessarily include the entire width of the railroad's right of way." Town v. O. & M. Ry. Co., 45 App. 572; O. & M. Ry. Co. v. Town, 63 App. 224.

The judgment of the Circuit Court is affirmed.

*Affirmed.*